## Case No. 7,119.

### In re JACK.

[1 Woods, 549;[1] 13 N. B. R. 296; 4 Am. Law Rec. 453.]

Circuit Court, N. D. Georgia. March Term, 1873.

L. E. Bleckley, for petitioners.

D. F. Hammond, contra.

WOODS, Circuit Judge. One Er. Lawshé filed a petition in the district court for northern Georgia, praying that Francis M. Jack might be declared a bankrupt, on the sole ground that, being a trader, he had fraudulently stopped payment of his commercial paper, and had not resumed payment of the same within a period of fourteen days. Before the adjudication, Hall & Allin and L. Schiffer & Nephews, judgment creditors of Jack, applied to the bankrupt court for leave to intervene and object to the making of any order adjudicating Jack a bankrupt, and alleged the following grounds against such adjudication: (1) That they had unsatisfied judgments against Jack, and had attached his property by garnishment in the state superior court, and had thereby obtained certain rights under the state laws, which would be lost by the adjudication of bankruptcy, and that the estate of Jack was very small and much less than the amount of judgment debts against him, and the proceeding in bankruptcy would, if allowed, illegally dispose of Jack's estate to the great detriment of his judgment creditors; and (2) said proceedings were void, because they were begun and carried on by collusion between Jack and Lawshé, the petitioning creditor; and (3) because Jack was not a trader at the time of the execution of said note, nor for a long time previous thereto. nor at any subsequent time, but had retired from

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

business entirely, and was 'hopelessly insolvent at the time of the execution of the note; and the debt for which the note was given was not in any manner contracted by him in the business of a trader.

The bankrupt court refused to allow the petitioners in review to intervene and object to the adjudication, and proceeded to adjudicate Jack a bankrupt. The petition of review alleges that the overruling of the motion to allow the petitioners to intervene and object to the adjudication of bankruptcy, and the adjudication itself were erroneous. The facts alleged in the petition of review, and in the motion of petitioners before the bankrupt court, are not traversed, and we must take them to be substantially true. If the facts stated in the motion of petitioners had been shown to the bankrupt court, ought that court to have declared Jack a bankrupt? Jack, on the 30th of December, 1872, executed his note of that date, payable ten days after date to the order of Er. Lawshé, for $312.69, at J. H. James' office in Atlanta, Ga. The note was given for an antecedent debt of two years standing; for a debt contracted when Jack was a trader; but at the time when the note was executed, and for a long time previous, Jack had ceased to be a trader.

Under this state of facts, could he have been adjudicated a bankrupt, if resistance had been made to the adjudication? The bankrupt act (section 39) provides: "That any person residing and owing debts as aforesaid (namely, as provided in section 11), who being a trader, has stopped or suspended and not resumed payment of his commercial paper within a period of fourteen days, shall be deemed to have committed an act of bankruptcy." The language of this section clearly indicates that the making of the note must have been done while the party was a trader. A person who having ceased to be a trader, gives a note and suspends payment, does not commit an act of bankruptcy, even though the debt for which the note was given was contracted while he was a trader. The reason of the law does not apply to such a case. When a man enters the commercial community as a trader or merchant, he assumes all the responsibilities which attach to his calling. One of these is the obligation to pay at maturity his commercial paper. But if he has ceased to be a trader, and has no commercial paper outstanding, he resumes his position with the great mass of mankind, and is subject no longer to the liabilities of a trader. When then he gives commercial paper, he does so subject to the same liabilities as the noncommercial public. Upon these facts alone then, Jack could not have been adjudicated a bankrupt, if resistance had been made to the order of adjudication. Should the petitioners, who were judgment creditors, have been admitted to make such resistance? They are conceded to be creditors; it is admitted that they would be subjected to damage by the adjudication; it

is admitted that the petition for adjudication was filed by collusion between the bankrupt and the petitioning creditor. We think this makes a strong case for allowing the intervention of these creditors, and they should have been allowed to intervene unless there exists some positive rule either of the statute or general orders in bankruptcy which would prevent. I know of no such rule.

In Case of Boston, H. & E. R. Co. [Case No. 1,677], tried on petition of review before Woodruff. circuit judge, it was held that a petition in involuntary bankruptcy was not a mere suit inter partes, but rather partook of the nature of a proceeding in rem, in which any actual creditor had a direct interest, and that a party claiming to be a creditor and who was able to satisfy the court that he was a creditor and that his purpose was a meritorious one, ought to be allowed to intervene and object to the adjudication of bankruptcy. The petitioning creditor loses no right by this practice, for if a proper case is made, his debtor will be adjudicated a bankrupt. I am satisfied with the reasoning of the judge in that case, and think it is an authority entitled to weight.

I am therefore of opinion that the district court erred in refusing to allow the creditors of Jack to intervene and object to the adjudication in bankruptcy, and that on the facts as disclosed by their petition for leave to intervene, Jack ought not to have been adjudged a bankrupt. The adjudication will therefore be reversed, as well as the order refusing to allow the said creditors of Jack to intervene to object to the adjudication.